UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS RITCHIE,

    Plaintiff,

v.                                Case No.:  8:23-cv-2179-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Douglas Ritchie seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**     **Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision**

    **A.**     **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on November 21, 2022, alleging disability beginning May 1, 2019. (Tr. 17, 162-63). Plaintiff later amended the onset date of disability to January 1, 2022. (Tr. 17). The

application was denied initially and on reconsideration. (Tr. 65, 78). Plaintiff requested a hearing and on August 3, 2023, a hearing was held before Administrative Law Judge Kurt Ehrman ("ALJ"). (Tr. 34-64). On August 28, 2023, the ALJ entered a decision finding Plaintiff had not been disabled from January 1, 2022, through the date of the decision. (Tr. 17-29). On September 12, 2023, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff began this action by Complaint (Doc. 1) filed on September 26, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 10).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026. (Tr. 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2022, the amended alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairments: "migraine headaches associated with status-post head injuries, degenerative disc disease of the cervical and lumbar stenosis, mild bursitis of the shoulders, joint pain, and obesity, as well as anxiety disorder and anger issues, also assessed as post-traumatic stress disorder (PTSD)." (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 20).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 [C.F.R. §] 404.1567(b). He can lift and carry twenty pounds occasionally and ten pounds frequently, and stand, walk, and sit each about six hours, with normal breaks in an eight-hour workday. He must avoid climbing ladders, ropes, or scaffolds, but can frequently climb ramps and stairs, frequently balance, stoop, kneel, crouch, and occasionally crawl. He can also frequently push and/or pull and frequently reach, but only occasionally overhead reaching. He must avoid concentrated exposure to vibrations, loud noises, bright outdoor lights, and pulmonary irritants, as well as all hazardous industrial machinery and unprotected heights. He can do detailed but not complex tasks and instructions, with no more than occasional interaction with the public.

(Tr. 22).

At step four, the ALJ determined that Plaintiff was not capable of performing his past relevant work as an infantry unit leader, administrative clerk, employment clerk, and maintenance engineer. (Tr. 27). At step five, the ALJ found that considering Plaintiff's age (40 years old on the amended alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could

perform. (Tr. 28). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) Photocopy machine operator, DOT[1] 207.685-014, light, unskilled, SVP 2

(2) Routing clerk, DOT 222.687-022, light, unskilled, SVP 2

(3) Office helper, DOT 239.567-010, light, unskilled, SVP 2

(Tr. 28). The ALJ concluded that Plaintiff had not been under a disability from January 1, 2022, through the date of the decision. (Tr. 29).

## II. Analysis

On appeal, Plaintiff raises the issue of whether the ALJ erred by failing to provide a function-by-function assessment of all of Plaintiff's impairments, specifically the functional effects of migraine headaches. (Doc. 12, p. 3). Plaintiff claims that his migraine headaches cause substantial limitations in his ability to complete a normal work shift, maintain regular and consistent work attendance, and maintain an acceptable level of attention, concentration, and pace throughout the workday. (Doc. 12, p. 5).

The Commissioner contends that the ALJ properly considered Plaintiff's migraine headache impairment. (Doc. 13, p. 6). The Commissioner first argues that the records show that his doctors did not place any limits on his activities based on

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

his alleged impairments, and in fact, encouraged Plaintiff to increase his activities. (Doc. 13, p. 6). The Commissioner next contends that the ALJ considered Plaintiff's daily activities in assessing the RFC, including Plaintiff playing disc golf, camping, kayaking, working with vibrational tools outdoors, and working part time at his parents' hotel. (Doc. 13, p. 7). In sum, the Commissioner claims that substantial evidence supports the ALJ's RFC findings, especially considering Plaintiff's largely normal physical and mental examination findings. (Doc. 13, p. 7). The Court disagrees.

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

In the decision at step two, the ALJ found Plaintiff had severe impairments, including migraine headaches associated with status, post head injuries. (Tr. 19). The ALJ also found that Plaintiff's severe impairments, including his migraine headaches, "significantly limited the ability to perform basic work activities as required by SSR 85-28." (Tr. 19). And the ALJ acknowledged that Plaintiff alleged his inability to work was due in part to migraine headaches. (Tr. 22). The ALJ noted that Plaintiff "also complained of recurrent migraine headaches, occurring several times per week and lasting 8-10 hours, requiring him to go to a dark cool room, shower up to seven times with hot water massaging his head or laying in the tub with lights off, or use cold compresses (Ex.B3E)." (Tr. 23). Other than these mentions of migraine headaches, the decision has no further references to this severe impairment.

Even though the ALJ found migraine headaches a severe impairment at step two, he failed to articulate what significant limitations to work activity were caused by this impairment, or if none, then he needed to state that this impairment was non-severe. *Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021) (citing *Battles v. Colvin*, No. 8:15-cv-339-T-33TGW, 2016 WL 3360428, at *3 (M.D. Fla. May 20, 2016), *report and recommendation adopted sub nom. Battles v. Comm'r of Soc. Sec.*, No. 8:15-CV-339-T-33TGW, 2016 WL 3258423 (M.D. Fla. June 14, 2016). While the RFC has some limitations that could be attributed to migraine headaches – such as avoiding

concentrated exposure to vibrations, loud noises, and bright outdoor lights, as well as all hazardous industrial machinery and unprotected heights – the ALJ did not link these limitations to Plaintiff's complaints of migraine headaches. Indeed, these limitations could also apply to one of Plaintiff's other impairments, such as PTSD. Nor did the ALJ address the possible limitations caused by the frequency, duration, and severity of the migraine headaches. The ALJ cannot have it both ways, in other words, he had to reconcile the inconsistency in the decision. *Id.*

The Court should not be left to speculate about the functional impact caused by a severe impairment, such as migraine headaches, and whether such impact was included in the RFC. *See Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021). Remand is warranted given the ALJ's failure to clearly articulate the exact limitations caused by Plaintiff's migraine headaches in his functional ability to work.

## III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's impairment of migraine headaches and any functional limitations associated with this impairment, specifically address the frequency, duration, and severity of the migraines, and consider how they impact the RFC assessment. The Clerk of Court

is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 11, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties